

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 2, 2018

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *United States* v. *Michael Little*
             S2 12 Cr. 647 (PKC)

Dear Judge Castel:

    For the reasons that follow, the Government writes to request that the Court direct the defendant to produce reciprocal discovery materials and expert notice to the Government pursuant to Federal Rule of Criminal Procedure 16(b)(1), and that the Court set a specific deadline of Monday, January 22, 2018, for providing such disclosures.

**Background**

    a.     **Government's Production of Discovery**

    As the Court is aware, the defendant was arrested on May 11, 2012, pursuant to charges contained in a criminal complaint. On August 22, 2012, the defendant was charged in Indictment 12 Cr. 647. Since that time, the Government has produced discovery materials to the defendant numbering in the tens of thousands of pages. At several pretrial conferences, the defendant and his standby counsel have made statements relating to the Government's production of discovery, including at the initial pretrial conference in August 2012 and the following pretrial conference in September 2012.

    At the initial pretrial conference held before the Honorable Andrew L. Carter on August 24, 2012, Judge Carter discussed at length with the defendant his desire to represent himself, along with the possibility of retaining standby counsel. During that colloquy, the defendant raised a concern about discovery in the context of potentially seeking assistance from other counsel, stating: "I was going to ask -- perhaps I'm ahead of myself here, your Honor -- for an

Letter to Hon. P. Kevin Castel
January 2, 2018

adjournment after the arraignment for two weeks on the procedural issues of -- on the discovery issues and so forth so that perhaps I would have further assistance. (Dkt. Entry 18, Aug. 24, 2012 Tr. at 3-4). The Court subsequently granted an adjournment of approximately two weeks.

At the next pretrial conference on September 10, 2012, the defendant indicated that he had obtained the assistance of experienced criminal counsel, Edward Hayes, who appeared with the defendant at the conference. During the conference, Mr. Hayes made several references to the production of discovery materials, stating among other things that he anticipated that the Government would be producing discovery to the defendant within approximately 45 days of the conference. (Dkt. Entry 21, Sept. 10, 2012 Tr. at 35). After the Government indicated that it would produce discovery materials within approximately 40 days, the Court stated that it would be "appropriate . . . to adjourn the matter for about 60 days so that discovery can be turned over, so that Mr. Little may review that discovery with Mr. Hayes, and then that Mr. Hayes and Mr. Little can inform the Court at a subsequent court date as to how they wish to proceed." (*Id.* at 42). The Court then engaged in the following colloquy with the defendant regarding the exclusion of Speedy Trial time until the next conference:

> THE COURT: Mr. Little, I believe -- Well, let me ask you. Mr. Little, would you need this time to prepare for trial, to receive the government's discovery and go over it with Mr. Hayes?
> MR. LITTLE: Yes. Yes, I would.
> THE COURT: And prepare for trial?
> MR. LITTLE: Yes, I would.

(*Id.* at 43). The Court ultimately granted a 70-day exclusion of Speedy Trial time, noting: "We're carving out this time because the parties, particularly the defense, will need this time to review the discovery from the government, to be better prepared for trial and to perhaps, alter, decisions or just to solidify his decision concerning self-representation and standby counsel." (*Id.* at 46). The defendant responded, "I understand your Honor." (*Id.*).

On two separate occasions thereafter, the defendant sought bills of particulars from the Government regarding the charges against him. The Government responded to the first of those requests (Dkt. Entry 42) by letter dated September 23, 2013 (Dkt. Entry 83). At the Court's direction, the Government responded to the second of those requests (Dkt. Entry 215), by letters dated February 24, 2017 (Dkt. Entry 232, Ex. B) and November 16, 2017 (Dkt. Entry 277, Exs. A-C).

In addition, at a pretrial conference before Your Honor on February 10, 2017, the defendant sought the Government's production of marked exhibits to be shown to a witness located in the Isle of Guernsey in advance of a Rule 15 deposition of that witness. (Feb. 10, 2017 Tr. at 31). After the Government agreed to produce the documents two weeks before the deposition, the Court so-ordered that discovery schedule. (*Id.* at 32).

Furthermore, during a pretrial conference before Your Honor on May 5, 2017, following the Government's assertion that it would make 3500 materials available to the defendant one

Letter to Hon. P. Kevin Castel
January 2, 2018

week prior to trial, the defendant specifically requested that the materials be provided two weeks in advance of trial.  (Dkt. Entry 257, May 5, 2017 Tr. at 27).   The Government immediately agreed to the defendant's proposal, and the Court directed the Government to produce its 3500 material to the defendant by March 5, 2018 (two weeks before the scheduled trial date of March 19, 2018).   (*Id.* at 27-28).

      **b.**      **Documents in the Defendant's Possession**

Over a series of pretrial conferences, the defendant has also made reference to documents located abroad that he has sought to locate, based on his belief that the documents would be introduced as part of his defense case.   (*See, e.g.*, Dkt. Entry 39, Dec. 20, 2012 Tr. at 32-33 ("It's a matter really of gathering evidence that is not within my hands at this point in time in terms of forming my defense, and that's really foreign documents that need authentication in order to be introduced into evidence.")).   At a pretrial conference held on August 13, 2013, the defendant stated that he had received "hundreds of . . . exculpatory documents" from Walter Müllhaupt, a lawyer residing in Switzerland.   (Dkt. Entry 78, Aug. 13, 2013 Tr. at 28).   At a pretrial teleconference held on April 25, 2014, Judge Carter inquired about the defendant's "efforts to obtain discovery materials in Europe."  (Dkt. Entry 119, Apr. 25, 2014 Tr. at 2).   The defendant responded that he believed that he had obtained "90 percent of all material" that he needed.   (*Id.*).

In light of these statements by the defendant, among others, the Government has made numerous written requests to the defendant requesting the production of reciprocal discovery under Federal Rule of Criminal Procedure 16(b)(1), but has yet to receive any materials from the defendant.

      **c.**      **Defendant's Stated Intention to Call Expert Witnesses at Trial**

At a pretrial conference before Your Honor on May 5, 2017, the defendant indicated that he intended to file a motion to permit British and American tax experts to testify at trial.   The Court engaged in the following colloquy with the defendant concerning that potential motion:

> THE COURT:   What else?
> MR. LITTLE:   A motion to allow tax experts, a British tax expert and an American tax expert to testify.
> THE COURT:   Have you provided the reports that would be required were they to testify?
> MR. LITTLE:   No.  I have not provided those.
> THE COURT:   Well that's the first step in the process.   Talk to Mr. Maher about that.  It's provided for in the Federal Rules of Criminal Procedure, I believe.

(Dkt. Entry 257, May 5, 2017 Tr. at 12).   Despite the Court's admonition, to date, the defendant has not yet provided any expert disclosure under Federal Rule of Criminal Procedure 16(b)(1)(C).

3

### d. December 2017 Correspondence

By letter dated December 18, 2017, attached hereto as Exhibit A, the Government again requested from the defendant reciprocal discovery materials pursuant to Rules 16(b)(1)(A) and 16(b)(1)(B).[1] In the same letter, the Government also stated that it does not presently intend to call any expert witnesses at trial, and further requested that the defendant provide written summaries of any expert testimony that the defendant intends to introduce at trial pursuant to Rule 16(b)(1)(C).[2]

The defendant responded to the Government's December 18 letter by e-mail dated December 21, 2017, attached hereto as Exhibit B. In his e-mail, the defendant claimed that he has no reciprocal discovery obligation under Rule 16 because he never made a formal request for discovery from the Government, notwithstanding the fact that he has received many thousands of pages of discovery materials to date.

**Discussion**

The Court should order the defendant to produce reciprocal discovery and expert disclosures, notwithstanding the defendant's effort to avoid his discovery obligations by engaging in an overly formalistic reading of Rule 16's dictates.

Other courts confronted with similar defense arguments have recognized that Rule 16 requires no talismanic phrase to be uttered or formal request to be made in order to trigger a defendant's reciprocal discovery obligations. *See, e.g.*, *United States v. Crinel*, No. CR 15-61, 2016 WL 5779778, at *1, *6-*7 (E.D. La. Oct. 4, 2016) (holding that a "defendant's request for discovery under Rule 16(a)(1) may be formal or informal," and concluding – where the Government had "provided extensive discovery" – that defendants had "informally requested the production of documents" by, among other things, "participating in . . . numerous discussions at monthly status conferences" and meeting with the Government to discuss discovery); *United States v. Swenson*, 298 F.R.D. 474, 477 (D. Idaho 2014) (holding that defendant's affirmative response to Magistrate Judge's question as to whether discovery would be sought qualified as a Rule 16 discovery request).

Indeed, the Second Circuit and other courts have found reciprocal obligations to be triggered even without express requests from defendants, where the Government's production was based on an implied understanding of reciprocation. *See, e.g.*, *United States v. Estremera*, 531 F.2d 1103, 1113 (2nd Cir. 1976), cert. denied, 425 U.S. 979 (1976) ("the government's voluntary turnover of desired material to defendant must be deemed to have been based upon the implied condition that the defense would reciprocate, if necessary, at a later date"); *United States v. Jasper*, No. 00 CR. 825 (PKL), 2003 WL 223212, at *6 (S.D.N.Y. Jan. 31, 2003) (ordering

---

[1]  While, given the nature of this case, the reciprocal discovery materials may not include any reports of physical/mental examinations or scientific tests covered by Rule 16(b)(1)(B), the Government has included a request under that provision in an abundance of caution.

[2]  In a letter dated January 2, 2018, the Government disclosed to the defendant its intention to call a non-expert summary witness, Special Agent DeLeassa Penland.

defendant to produce reciprocal discovery based on the Second Circuit's reasoning in *Estremera*, and noting that the "[d]efendant's failure to produce documents to the government, which defendant intends to use in the case-in-chief at trial, may result in the exclusion of such evidence at trial"); *United States v. LoBue*, 761 F.Supp. 56, 57 57 (N.D. Ill. 1990) (Government entitled to reciprocal discovery where it voluntarily produced evidence to defense based on implied condition that defense would later reciprocate).

      Similarly, Rule 16(b)(1)(C) imposes reciprocal expert disclosure obligations on defendants where the Government has provided expert notice under Rule 16(a)(1)(G). *See, e.g.*, *United States v. Ulbricht*, 858 F.3d 71, 114 (2d Cir. 2017) ("In general, the 'defendant must, at the government's request, give to the government a written summary of any [expert] testimony that a defendant intends to use . . . . This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.'") (quoting Fed. R. Crim. P. 16(b)(1)(C)). That obligation is triggered even where the Government has provided notice under Rule 16(a)(1)(G) that it does not intend to call any expert witnesses in its case-in-chief at trial. *See United States v. Rajaratnam*, No. S2 09 CR. 1184 (RJH), 2011 WL 723530, at *2-*6 (S.D.N.Y. Feb. 25, 2011); *United States v. Finazzo*, No. 10-CR-457 (RRM) (RML), 2013 WL 618425, at *1 (E.D.N.Y. Feb. 19, 2013). "The purpose of the expert disclosure requirement is to 'minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'" *Ulbricht*, 858 F.3d at 114 (quoting Fed. R. Crim. P. 16, advisory committee's note to 1993 amendment).

      The defendant's restricted and technical reading of the reciprocal discovery obligations set forth in Rule 16 is unsupported by the law, and should be rejected. Having participated in numerous discovery-related discussions at pretrial conferences, having received voluminous discovery materials and expert notice from the Government without objection, and having sought and received (i) documents in advance of a Rule 15 deposition, (ii) responses to two separate requests for bills of particulars, and (iii) anticipated early disclosure of 3500 materials in connection with trial in this matter, the defendant's contention that he has made no request for discovery and is therefore exempt from Rule 16's reciprocal obligations is meritless. Moreover, any significant additional delay in producing reciprocal discovery and expert notice would frustrate the very purpose of the Rule, potentially resulting in unnecessary delay and waste of scarce judicial resources.

Letter to Hon. P. Kevin Castel
January 2, 2018

      Accordingly, the Government requests that the Court enter an order directing the defendant to produce any reciprocal discovery materials and any expert disclosure to the Government, pursuant to Rules 16(b)(1)(A), 16(b)(1)(B), and 16(b)(1)(C), on or before Monday, January 22, 2018.

                                                    Respectfully submitted,

                                                    JOON H. KIM
                                                    Acting United States Attorney

                                    By:       /s/
                                                  Andrew Dember / Christopher DiMase / Dina McLeod
                                                  Assistant United States Attorneys
                                                  (212) 637-2563 /2433 / 1040

cc:    Michael J. Little (by electronic mail)
       Sean Maher, Esq. (by electronic mail)

# **EXHIBIT A**



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 18, 2017

**BY ELECTRONIC MAIL**

Michael Little, Esq.
Law Offices of Michael J. Little, Esq.
26 Broadway, Suite 2100
New York, NY 10004
Email: michael.little@kingsbench.co.uk

    Re:    *United States* v. *Michael Little*
             S2 12 Cr. 647 (PKC)

Dear Mr. Little:

The Government writes to: (i) correct certain information previously provided to you by letter dated March 19, 2013 (the "March 2013 Letter"); (ii) apprise you of certain additional evidence it may introduce at trial under Federal Rule of Evidence 404(b); (iii) notify you of its intent to introduce certain additional records at trial by way of certification pursuant to 18 U.S.C. § 3505(a)(2); (iv) again request from you reciprocal discovery materials as required under Federal Rules of Criminal Procedure 16(b)(1)(A) and 16(b)(1)(B); and (v) to seek from you notice of any expert witnesses that you intend to call at trial, as required under Federal Rule of Criminal Procedure 16(b)(1)(C).

    **(1)**    **Correction to March 2013 Letter**

The Government's March 2013 Letter set forth an approximate unreported income of $147,931 in tax year 2004. Based on a revised calculation made since the March 2013 Letter, the Government has determined that your approximate unreported income in tax year 2004 was $15,988.90.

    **(2)**    **Additional Section 404(b) Notice**

In addition to evidence of your failure to report to either the U.S. or U.K. tax authorities income from your receipt and sale of London Stock Exchange Shares between approximately

Letter to Michael Little
December 18, 2017

2000 and 2002, as noticed in the Government's letter to you dated June 14, 2017, the Government also seeks to introduce at trial evidence of: (a) your failure to report income to the U.K. tax authorities, including by misrepresenting your domiciliary status and falsely understating income required to be reported to the U.K. tax authorities; (b) your failure to timely file tax returns with the U.K. authorities for tax years 2001/2002 through 2010/2011 and (c) your filing of six-month extensions to file New York State tax returns in tax years 2007 and 2008, and your failure to timely file any tax returns with New York State tax authorities for tax years 2000 through 2010.

We believe that this evidence constitutes either direct evidence of the charged offenses, or alternatively, admissible evidence under Federal Rule of Evidence 404(b) of motive, intent, plan, knowledge, absence of mistake, and lack of accident.

### (3) Notice of Intent to Introduce Evidence Pursuant to Section 3505(a)(2) Certification

The Government hereby provides notice to you that it intends to introduce at trial, pursuant to a certification made pursuant to 18 U.S.C. 3505(a)(2), certain evidence obtained from the U.K. tax authorities, including: (a) records previously produced to you in discovery and marked with control numbers ML 0320 000001 – ML 0320 000074, representing your U.K. tax returns for tax years 1997/1998 through 2000/2001; and (b) a certification of non-existence of records showing that a diligent search failed to disclose a public record of timely-filed tax returns submitted by you to the U.K. tax authorities for tax years 2001/2002 through 2010/2011.

### (4) Request for Reciprocal Discovery Pursuant to Rules 16(b)(1)(A) and (b)(1)(B)

Given that you have previously indicated that you have received certain documents relating to your defense, we again request – pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A) – that you allow inspection and copying of any books, or copies or portions thereof, which are in your possession, custody or control, and which you intend to introduce as evidence or otherwise rely on at trial.  We also repeat our request – pursuant to Federal Rule of Criminal Procedure 16(b)(1)(B) – for any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in your possession or control, and which you intend to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom you intend to call at trial.

### (5) Request for Reciprocal Expert Witness Notice Pursuant to Rule 16(b)(1)(C)

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), the Government hereby provides notice that it does not presently intend to call any expert witnesses in its case-in-chief at trial in this matter.  Given that you have previously indicated that you intend to call several expert witnesses in your defense at trial, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), the Government hereby requests that you provide to the Government a written

summary of any testimony that you intend to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, which summary should describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. *See, e.g.*, *United States v. Ulbricht*, 858 F.3d 71, 114 (2d Cir. 2017) ("In general, the 'defendant must, at the government's request, give to the government a written summary of any [expert] testimony that a defendant intends to use . . . . This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.'") (quoting Fed. R. Crim. P. 16(b)(1)(C)); *United States v. Rajaratnam*, No. S2 09 CR. 1184 RJH, 2011 WL 723530, at *2-*6 (S.D.N.Y. Feb. 25, 2011) (holding that defendant was required to provide reciprocal expert notice where Government provided notice under Rule 16(a)(1)(G) that it did not intend to call expert witnesses in its case-in-chief at trial); *United States v. Finazzo*, No. 10-CR-457 RRM RML, 2013 WL 618425, at *1 (E.D.N.Y. Feb. 19, 2013) (same).

Please do not hesitate to contact us with any questions.

Sincerely,

JOON H. KIM
Acting United States Attorney

By:   /s/
Andrew Dember / Christopher DiMase / Dina McLeod
Assistant United States Attorneys
(212) 637-2563 /2433 / 1040

cc:   Sean Maher, Esq.

3

# **EXHIBIT B**

| | |
|---|---|
| **From:** | Michael Little <michael.little@kingsbench.co.uk> |
| **Sent:** | Thursday, December 21, 2017 9:49 AM |
| **To:** | DiMase, Christopher (USANYS); smaher@seanmaherlaw.com |
| **Cc:** | McLeod, Dina (USANYS); Dember, Andrew (USANYS); Okula, Stan (USANYS); Hamilton, Michael (USANYS) [Contractor] |
| **Subject:** | RE: United States v. Little, S2 12 Cr. 647 (PKC) -- 12/18/2017 Letter |

Dear Mr. DiMase-

My response to the Government's request for reciprocal discovery, pursuant to FRCrim. Rule 16, has not altered since 2015 when a similar request was made by Mr. Okula - see a copy of the email below :


# Michael J. Little [michaellittle@hotmail.com]

Actions

**To:**
M
 stan okula [stan.okula@usdoj.gov]; Paul, Sarah USANYS 1 [sarah.paul2@usdoj.gov]; Michael Little; smaher@seanmaherlaw.com
*Inbox*

05 March 2015 23:44

Dear Mr. Okula-

Thank you for your response, the contents of which are noted.

I would appreciate you resisting the temptation to anticipate what my standby counsel may or may not advise.

As a preliminary matter, please remind me when I requested disclosure from the Government - my specific [and presumably formal] request for disclosure appears to be a threshold matter according to Rule 16 (b)(1)(a) and I can't for the life of me remember providing that to you.

Notwithstanding the preliminary issue, please provide specific legal authority for the demands you are now making, again at past the last minute in an attempt to derail this deposition.

I will include your comments  opposing my application in my letter-motion to Judge Duffy.

With kind regards

Michael Little

.

**From:** DiMase, Christopher (USANYS) [Christopher.DiMase@usdoj.gov]
**Sent:** 19 December 2017 00:16
**To:** Michael Little; smaher@seanmaherlaw.com
**Cc:** McLeod, Dina (USANYS); Dember, Andrew (USANYS); Okula, Stan (USANYS); Hamilton, Michael (USANYS) [Contractor]
**Subject:** United States v. Little, S2 12 Cr. 647 (PKC) -- 12/18/2017 Letter

Mr. Little and Mr. Maher:

Please see the attached correspondence from the Government, dated December 18, 2017.

Best,

Christopher J. DiMase
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
Tel: (212) 637-2433
Fax: (212) 637-2429
christopher.dimase@usdoj.gov

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.