UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                    Plaintiff,              S2 12-cr-647 (PKC)

     -against-

                             MEMORANDUM
                             AND ORDER

MICHAEL LITTLE,

                    Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Michael Little is the defendant in this criminal prosecution and has knowingly and intelligently waived his right to counsel. (Minute Entry, Dec. 20, 2012.) <u>Faretta v. California</u>, 422 U.S. 806 (1975). Mr. Little is also a member of the bar of this Court and maintains a law practice in King's Bench, London, England.

        Judge Carter, to whom the case was then assigned, appointed Sean M. Maher as standby counsel under the Criminal Justice Act ("CJA") on August 28, 2014.[1] After the case was reassigned to me, I authorized the expenditure of CJA funds for the retention of counsel by Mr. Little to attend the examination of a government witness to be conducted in the Bailiwick of

---

[1] Mr. Little was originally represented by retained counsel, Benjamin Fischer, Esq. of Morvillo, Abramowitz, Grand, Iason, Anello & Bohm, P.C. Following the withdrawal of Mr. Fischer, Saul Bienfeld, was privately retained by Mr. Little to act as standby counsel. At the April 25, 2014 teleconference before Judge Carter, Mr. Little claimed "impecuniosity." (4/25/14 Tr. 10; Doc 119.) Mr. Bienfeld was replaced by Steven Witzel, appointed under the CJA, as standby counsel. Subsequently, Mr. Maher was appointed as standby counsel.

Guernsey because there was a specific need for such counsel that could not be satisfied by Mr. Little in his pro se status. (Order of Nov. 1, 2016; Doc 211.)

On May 5, 2017, I set trial for March 19, 2018. Six weeks before trial, by letter dated February 2, 2018, Mr. Maher seeks to have a second attorney appointed as standby counsel under the CJA to assist in trial preparation because of the magnitude of the documentary record and to assist "with navigating the plethora of legal issues that inevitably will arise in a trial such as this." (Maher Ltr., Feb. 2, 2018.)

There is no absolute right to standby counsel by an unrepresented defendant who has waived his right to counsel. United States v. Webster, 84 F.3d 1056, 1063 (8th Cir. 1996); Locks v. Sumner, 703 F.2d 403, 407-08 (9th Cir. 1983); United States v. Gigox, 605 F.2d 507, 516-17 (10th Cir. 1979). Standby counsel, when appointed, is available to respond to inquiries by an unrepresented defendant. This enhances the public perception of the fairness and integrity of the proceedings and avoids placing the judge in a position of serving as advisor to the defendant. McKaskle v. Wiggins, 465 U.S. 168, 184 (1984) (relieve judge of advisor role); United States v. Taylor, 569 F.2d 448, 452 (7th Cir. 1978) (public perception).

"[W]hen a defendant who elected to proceed *pro se* later demands an attorney, there is broad consensus that, once waived, the right to counsel is no longer unqualified. United States v. Kerr, 752 F.3d 206, 220 (2d Cir. 2014), as amended (June 18, 2014). A court "*may appoint standby counsel to represent a defendant who has forfeited his right to appear pro se.*" Davis v. Grant, 532 F.3d 132, 143 (2d Cir. 2008)(emphasis in the original.) While such an appointment is permissible, the Davis Court declined to rule that such an appointment was constitutionally required. Of course, there is no indication that Mr. Little wishes to abandon his

decision to proceed pro se or is likely to engage in conduct that would amount to forfeiture of his right to proceed pro se.

Here, the unrepresented defendant is a member of the bar of the Court where the trial will occur. Thus far, Mr. Little has proven to be an able and effective advocate capable of presenting a vigorous defense. Mr. Maher, an experienced member of the CJA Panel, is competent to respond to Mr. Little's requests for assistance, for example, on evidentiary, substantive or procedural issues. Mr. Maher's assigned role does not include planning or implementing a trial strategy. Nor is Mr. Maher an associate attorney obligated to undertake such trial-related tasks as are assigned to him by Mr. Little. Mr. Little has made his choice to proceed without representation and remains the designer and builder of his own defense. In the absence of a showing of particularized need for a second standby counsel, the Court declines to grant Mr. Maher's request.

Application DENIED.

SO ORDERED.

*P. Kevin Castel*
United States District Judge

Dated: New York, New York
February 7, 2018