UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA,

                        12-cr-647 (PKC)

    -against-

                        <u>ORDER</u>

MICHAEL LITTLE,

             Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Michael Little seeks to have Criminal Justice Act ("CJA") funds expended on one or more experts who he proposes to call to testify on an issue of foreign law. As to foreign law, he must first comply with Rule 26, Fed. R. Crim. P., that provides as follows:

> A party intending to raise an issue of foreign law must provide the court and all parties with reasonable written notice. Issues of foreign law are questions of law, but in deciding such issues a court may consider any relevant material or source—including testimony—without regard to the Federal Rules of Evidence.

        In a circumstance where "reasonable written notice" under Rule 26.1 has been provided, foreign law does not become a matter for testimony before the jury. The Court decides the issue of foreign law as a matter of law and if requested and appropriate, instructs the jury. The parties may stipulate as to the content of foreign law (reserving issues of its applicability to the case at hand) or may prove up the foreign law by affidavit or by testimony, but testimony is certainly not required. Indeed, many issues turn on a careful reading of the text and companion interpretive tools, including, if appropriate, precedent as to which testimony would not be helpful.

Application for CJA funding of a testifying expert witness on foreign law is DENIED without prejudice. CJA funding for the assistance of a paralegal is approved, not to exceed the presumptive maximum rate for up to 100 hours, subject to the submission of appropriate vouchers.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
March 6, 2018