**Michael J. Little**        Member of Lincoln's Inn
**King's Bench Chambers**
**10-11 Basepoint Business Centre**
**Christchurch, Dorset, BH23 6NX**
**United Kingdom**
**Telephone: +44 1202 250025**
**Facsimile: +44 870 123 1783**

March 11, 2018

<u>By ECF and by Hand</u>

The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Application for a Continuance**
*United States of America v. Michael Little*
Docket No. 12-cr-0647 (PKC)

Dear Judge Castel,

     I write respectfully asking the Court to consider this letter-motion application for a two-week continuance. Granting the continuance would delay the commencement of the trial until Monday, April 2, 2018, the day after Easter.

     The Government filed a 25-page Memorandum of Law, including 300 detailed pages of Exhibits ("the MOL") at 8.42pm on Thursday March 8, 2018[1]. The Defendant and Mr. Maher have been diligently labouring at the oar in anticipation the March 19, 2018. The Government MOL, filed past-the-last-minute and effectively one day prior to Pre-Trial Review places a wholly unreasonable burden on the limited resources of the defense team[2].

     "*The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel*". *Avery v. Alabama*, 308 U.S. 444. "*Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality*". *Chandler v. Fretag,* 348 U.S. 3. "*There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.*" *Nilva v. United States*, 352 U.S. 385; *Torres v. United States*, 270 F.2d 252 [\*590] (C. A. 9th Cir.); cf. *United States v. Arlen*, 252 F.2d 491 (C. A. 2d Cir.). ***Ungar v. Sarafit**e*, **376 U.S. 575 at 589.**

     It is submitted, the Government MOL, if unanswered, remands the Defense to a sufficiently compelling disadvantage, vis a vis the Government, that provides sufficient grounds to persuade the Court to grant the extraordinary measure of a continuance, one week before trial.

---

[1] Dkt. No.316; Supp. Motion in Limine; March 8, 2018; time of filing rendering it effectively accessible to the Defendant, the following day, Friday March 9, 2018.

[2] The Court has considered prior submissions, on February 2, 2018 and February 16, 2018, by both standby counsel and Defendant in respect of the challenges they face in preparation for trial given, *inter alia*, the shifting positions presented by the Government's 404(b) applications.

   The MOL attempts to prevent Defendant admitting into evidence critical documents. The documents were provided to the Government on February 16, 2018 and now, nearly a month later, the Government applies to the Court to endorse its attempt to cherry-pick the Defendant's 3505 production without providing me the entitlement of 14 days to respond, pursuant to the provisions of Local Criminal Rule 49.1(b) *"Any opposing [motion]papers shall be filed and served within fourteen (14) days after service of the moving papers."*

   Accordingly, and for the above detailed reasons, the Defendant prays the Court grant a continuance, as requested, in the interests of justice.

   The Government, through AUSA Christopher J. DiMase has informed the Defendant. by email. it opposes this application for a continuance.

          Respectfully submitted,

            /s/
           Michael J. Little
           Defendant (*Pro Se*)

cc: Sean M. Maher, Esq. (by email)
  AUSA Christopher J. DiMase via ECF