

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 19, 2018

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States* **v.** *Michael Little*
             S2 12 Cr. 647 (PKC)

Dear Judge Castel:

      The Government writes to request that its summary witness, Special Agent DeLeassa Penland, be permitted to remain in the courtroom during the presentation of evidence relevant to her testimony. Federal Rule of Evidence 615 provides that:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding: (a) a party who is a natural person; (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or (d) a person authorized by statute to be present.

*See also United States v. Jackson*, 60 F.3d 128, 135 (2d Cir. 1995) (discussing the district court's discretion under Rule 615 and the factors a court could consider in exercising its discretion).

      Agent Penland is a person whose presence is essential to the presentation of the Government's case under Rule 615(c). Her role as a summary witness is to know and summarize the evidence admitted at trial. In addition, the purpose for excluding a witness from the courtroom is "to discourage and expose fabrication, inaccuracy, and collusion." *United States*

*v. Charles*, 456 F.3d 249, 258 (1st Cir. 2006) (quotation omitted); *see also United States v. Strauss*, 473 F.2d 1262, 1263 (3d Cir. 1973) (purpose of excluding witnesses is to "to prevent the shaping of testimony by witnesses to match that given by other witnesses."). When the witness's testimony relates only to a summary of evidence, the rationale for the exclusion of the witness is absent. *See id.*

Multiple courts in this District and this Circuit have permitted summary witnesses to observe testimony relevant to their testimony. *See, e.g.*, *United States v. Berus*, 14 Cr. 199 (ARR) (E.D.N.Y); *United States v. Gilmartin*, 12 Cr. 287 (MGC) (Agent Penland as the summary witness); *United States v. Daugerdas*, No. 09 Cr. 581(WHP); *United States v. Ohle*, No. 08 Cr. 1109 (JSR); *United States v. Pirro*, No. 99 Cr. 182 (BDP).

Accordingly, the Government respectfully requests that Agent Penland be permitted to remain in the courtroom during the presentation of evidence relevant to her testimony. *See, e.g.*, *United States v. Lussier*, 929 F.2d 25, 30 (1st Cir. 1991) (affirming the district's decision to allow an IRS agent who would summarize evidence at the end of the government's case to remain in the courtroom because "there would have been 'little, if any reason' to sequester him." (quotation omitted)).

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

By:     /s/
        Andrew Dember / Christopher DiMase / Dina McLeod
        Assistant United States Attorneys
        (212) 637-2563 /2433 / 1040

cc: Michael Little, Esq. (by ECF)
    Sean Maher, Esq. (by ECF)