UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                    S2 12-cr-647 (PKC)


                    -against-

                                                    OPINION AND
                                                    ORDER
MICHAEL LITTLE,

                    Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

      Defendant Michael Little was convicted of all nineteen counts of a Superseding

Indictment S2 12 Cr. 647 (PKC) (the "Indictment").  On May 1, 2018, Little filed motions for a

judgment of acquittal on all counts under Rule 29, Fed. R. Crim. P., or, in the alternative, for a

new trial under Rule 33, Fed R. Crim. P.  (Doc. 388, 389, 432).  This Court denied the motions in

an Opinion and Order of November 1, 2018 (the "Order").  (Doc. 436).  Little now moves for

reconsideration of the Order.  (Doc. 444).  His motion for reconsideration is denied.

      Local Rule 6.3 permits a party to seek reconsideration of an order determining a

motion within fourteen days of entry.  Rule 6.3, S.D. & E.D.N.Y. Local R.  "In order to prevail,

the moving party 'must demonstrate that the Court overlooked controlling decisions or factual

matters that were put before the Court on the underlying motion.'"  Lichtenberg v. Besicorp Grp.

Inc., 28 F. App'x 73, 75 (2d Cir. 2002) (summary order) (quoting Fulani v. Brady, 149 F.R.D.

501, 503 (S.D.N.Y. 1993), aff'd sub nom. Fulani v. Bentsen, 35 F.3d 49 (2d Cir. 1994)).

      The Court assumes familiarity with this action and the November 1, 2018 Order.

As his first ground for reconsideration, Little asserts that in the Order, the Court overlooked

Second Circuit precedent relevant to his advice of counsel defense.  Little asserted this defense in

relation to Counts Ten through Nineteen of the Indictment, which charged him with willfully aiding and assisting in the preparation of false IRS Forms 3520 in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2.  Little argues that, pursuant to United States v. Scully, 877 F.3d 464 (2d Cir. 2017), the government had the burden of "disproving" his advice of counsel defense and this Court should have included in its jury instructions a "final reminder" that "the prosecution carried the burden of proof of disproving defendant's advice of counsel defense."  Relatedly, he argues that "the Court erred in holding Defendant had the burden of proof to affirmatively prove his advice of counsel defense" in its Order.  This first ground for reconsideration is meritless.

In Scully, the Second Circuit advised the following:

> In a fraud case . . . the advice-of-counsel defense is not an affirmative defense that defeats liability even if the jury accepts the government's allegations as true.  Rather, the claimed advice of counsel is evidence that, if believed, can raise a reasonable doubt in the minds of the jurors about whether the government has proved the required element of the offense that the defendant had an "unlawful intent." . . . The government must carry its burden to prove . . . intent to defraud, and that burden does not diminish because [a defendant] raise[s] an advice-of-counsel defense. Accordingly, the district court must advise the jury in unambiguous terms that the government at all times bears the burden of proving beyond a reasonable doubt that the defendant had the state of mind required for conviction on a given charge."

877 F.3d at 476.  During the trial for this action, the Court correctly instructed the jury with respect to Counts Ten through Nineteen of the Indictment that the government had the burden of proving each element of the offense beyond a reasonable doubt, including the element of willful intent.[1]

---

[1] With respect to Counts Ten through Nineteen, the Court instructed the jury as follows: "In order to prove the defendant guilty of aiding or assisting in the filing of a false tax return, the government must prove each of the following elements beyond a reasonable doubt: First, that the defendant advised or assisted in the preparation of a tax return that was subsequently filed; Second, that the return was false or fraudulent as to any material matter; Third, that the defendant acted willfully."  (Tr. 2187 (emphasis added)).

The Court's instruction regarding Little's advice of counsel defense was also consistent with <u>Scully</u>.  Under <u>Scully</u>, once there are sufficient facts in the record to support an advice of counsel defense, "it is for the government to carry its burden of proving fraudulent intent beyond a reasonable doubt and for the jury to decide whether that burden was met."  <u>Id.</u> at 476-77.  The <u>Scully</u> court advised that it might be "potentially confusing to instruct the jury that the defendant 'has the burden of producing evidence to support the defense' or must 'satisfy' the elements of the defense, or that it is the jury's job to determine whether the defense was 'established.'"  <u>Id.</u>  Consistent with the Second Circuit's guidance, this Court charged the jury as follows:

> You've heard evidence that defendant received legal advice from lawyers, and you may consider that evidence in deciding whether the defendant acted willfully and with knowledge.  However, the mere consultation with a lawyer is not a defense to criminal conduct.
>
> In considering whether the defendant acted willfully and with knowledge as to Counts Ten through Nineteen, you must consider whether, before taking action, the defendant honestly and in good faith sought the advice of a competent lawyer as to what he may lawfully do.  This means that he sought and obtained legal advice regarding a proposed course of conduct before proceeding with that course of conduct.  You must also consider whether the defendant fully and honestly presented all relevant facts to the lawyer, and whether he honestly followed such advice in good faith, relying on it and believing it to be correct.  In short, you should consider whether, in seeking and obtaining advice from lawyers, the defendant intended for his acts to be lawful.  If he did so, a defendant cannot be convicted of a crime that requires willful and unlawful intent, even if the advice received was incorrect.
>
> On the other hand, no defendant can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by asserting that he followed the advice of a lawyer.  Whether the defendant acted in good faith for the purpose of seeking guidance as to the specific acts in this case before engaging in those acts, whether he made a full and complete presentation of the facts to his lawyer, and whether he acted substantially in accordance with the advice received, are questions for you to determine.

- 3 -

(Tr. 2189-90).  The language of this Court's charge is substantively the same as the language suggested by the Scully court.[2]  See id. at 477–78.  The Court's instructions on Counts Ten through Nineteen were, therefore, proper.

To the extent that the Court's Order implied that a defendant who asserts an advice of counsel defense thereby bears the burden of proof with respect to the "willfulness" element of his charged offense, rather than the burden of production with respect to his asserted defense, such is not the law.  As this Court instructed on Counts Ten through Nineteen, "[i]n order to prove the defendant guilty of aiding or assisting in the filing of a false tax return, the government must prove each . . . element[] beyond a reasonable doubt," including willfulness. (Tr. 2187).  Regardless, this Court's factual analysis in the Order with respect to Little's motion for a judgment of acquittal on Counts Ten through Nineteen remains unchanged.  In his motion for acquittal, Little argued that the government's evidence was insufficient with respect to the element of willfulness.  This Court discussed the relevant evidence and determined that the

---

[2] The Scully court recommended two sample instructions.  One of the samples read as follows:

> You have heard evidence that the defendant received advice from a lawyer and you may consider that evidence in deciding whether the defendant acted willfully and with knowledge.
>
> The mere fact that the defendant may have received legal advice does not, in itself, necessarily constitute a complete defense. Instead, you must ask yourselves whether the defendant honestly and in good faith sought the advice of a competent lawyer as to what he may lawfully do; whether he fully and honestly laid all the facts before his lawyer; and whether in good faith he honestly followed such advice, relying on it and believing it to be correct. In short you should consider whether, in seeking and obtaining advice from a lawyer, the defendant intended that his acts shall be lawful. If he did so, it is the law that a defendant cannot be convicted of a crime that involves willful and unlawful intent, even if such advice were an inaccurate construction of the law.
>
> On the other hand, no man can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the advice of his lawyer.
>
> Whether the defendant acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether he made a full and complete report to his lawyer, and whether he acted substantially in accordance with the advice received, are questions for you to determine.

Scully, 877 F.3d at 477–78.

evidence was sufficient.  United States v. Little, No. S2 12-cr-647 (PKC), 2018 WL 5668874, at

*5 (S.D.N.Y. Nov. 1, 2018).  That determination stands undisturbed.[3]

   As his second ground for reconsideration, Little asserts that this Court overlooked

"newly discovered evidence," mentioned in his reply brief, which undermines his conviction on

Count Nine for conspiracy to defraud the United States in violation of 18 U.S.C. § 371.  In

Little's words, this evidence "concern[ed] a chance meeting I had with a close personal friend of

Suzanne Seggerman on May 20, 2018.  NG has known Suzanne since 1990 and worked with her

husband Michael Meyer in Kosovo.  He attended their wedding.  He told me, in the presence of

my daughter's godfather: [she had gotten out of her tax problems by] 'blame[ing] it on the

lawyer'.  NG's words were: 'she blamed it on the lawyer.'"  Little argues that testimony by NG

regarding a telephone conversation NG had with Suzanne, where Suzanne allegedly admitted to

"blam[ing]" Little, would have undermined Little's conviction on Count Nine.  To the extent that

Little requests a judgment of acquittal on Count Nine, this subsequently discovered evidence

does not change the fact that the government presented sufficient evidence at trial to sustain a

conviction on Count Nine.[4]  As such, a judgment of acquittal is not warranted.  See Rule 29(a),

Fed. R. Crim. P. ("[T]he court on the defendant's motion must enter a judgment of acquittal of

any offense for which the evidence is insufficient to sustain a conviction.").

   To the extent that Little requests a new trial based on this evidence, a new trial is

not warranted because it is not clear that letting Little's guilty verdict stand would be a "manifest

injustice" in light of this evidence.  See United States v. Canova, 412 F.3d 331, 349 (2d Cir.

---

[3] In support of his motion, Little asserts that "the Government failed to carry its burden of proof in disproving [his] advice of counsel defense because it made no attempt to address whether or not Bainton's legal advice to [him] was sound"—this alleged legal advice being that "trust payments were to be [legally] characterized as gifts."  In reaffirming that the government presented sufficient evidence on willfulness, the Court has implicitly considered this argument and found it to be contradicted by ample evidence in the record.

[4] This Court discussed the evidence relating to Count Nine and its sufficiency in its Order.  See Little, 2018 WL 5668874, at *4.

2005).  In particular, the admission of this evidence would not "probably lead to an acquittal."

See United States v. Owen, 500 F.3d 83, 87 (2d Cir. 2007) (citation omitted) (holding that a

defendant requesting a new trial based on newly discovered evidence must show that (1) "the

evidence could not with due diligence have been discovered before or during trial," (2) "the

evidence is material, not cumulative," and (3) "admission of the evidence would probably lead to

an acquittal").  The government presented significant evidence at trial that Little was a party to

the conspiracy alleged in Count Nine.  Moreover, even assuming NG's potential testimony to be

true, Suzanne's statement that she got out of her "tax problems" by "blam[ing]" Little does not

require the inference that Little did not knowingly participate in the conspiracy.  Thus, this Court

cannot say that the admission of NG's testimony, which likely amounts to hearsay, "probably"

would have led to Little's acquittal.  As such, a new trial is not warranted.

CONCLUSION

         For the foregoing reasons, defendant Little's motion for reconsideration is

DENIED.  The Clerk is directed to terminate the motion, (Doc. 444).

         SO ORDERED.


                                                        P. Kevin Castel
                                                   United States District Judge


Dated:  New York, New York
         November 14, 2018