UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                            12-cr-647 (PKC)


              -against-

                                                            OPINION AND
                                                            ORDER

MICHAEL LITTLE,

                          Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

              Defendant Michael Little was convicted at trial on all nineteen counts in a

Superseding Indictment.  The charges related to Little's role in assisting the heirs to

Harry Seggerman's multimillion-dollar estate to evade paying taxes on their inheritances

from 2001 to 2010 and Little's failure to file documents reporting his own income from

2005 to 2010.

              In a Summary Order, the United States Court of Appeals for the Second

Circuit affirmed the judgment of conviction, except the order of restitution was affirmed

in part, vacated in part and remanded for further proceedings.  (No. 18-3622-cr, No. 19-

445-cr. (Sept. 30, 2020).)  The Second Circuit concluded that for crimes charged under

title 26 of the United States Code, a district court cannot order a restitution obligation that

begins upon entry of judgment.  (Summary Order at 8.)  It also noted that since the date

of the order of restitution, the United States and United Kingdom have agreed that the

United States may tax Little's business income only up to September 2008 and the

Circuit, therefore, remanded the matter "to assess in the first instance what effect, if any,

this agreement might have on the amount of restitution owed to the United States."  (Id.)
Significantly, the Circuit also rejected Little's attack on the balance of the restitution
order plainly stating as follows: "The balance of the restitution order—the $4,218,140.00
for which Little is one of the jointly and severally liable coconspirators—is affirmed."
(Id. (footnote omitted).)

On remand, the government decided not to seek restitution for the
violation of section 7203 of title 26, which was $134,449.71.  This left undisturbed the
balance of the Court's February 11, 2019 Order of Restitution (the "2019 Order") which
the Circuit had affirmed.  The government submitted a proposed order reflecting the
deletion of restitution under title 26.  The Court signed the proposed order on January 5,
2021 and it was entered on January 6, 2021 (the "2021 Order.")  (Doc 484).  Little
promptly moved for reconsideration, and the Court stayed the 2021 Order pending further
briefing.

In his submission, Little ignores the limited nature of the Circuit's remand
and seeks to revisit the amount and joint and several nature of the restitution in the 2019
Order.  The limited remand was not an invitation to relitigate those portions of the 2019
Order that were affirmed. The 2021 Order was properly entered and fulfills the limited
mandate of the remand by the Court of Appeals.

Little has not demonstrated that the district court has general authority to
modify a restitution obligation nearly two years after it was imposed and after it was
affirmed by the Court of Appeals.  United States v. Eberhard, 03 cr 562 (RWS), 2012 WL

2568971, at *3 (S.D.N.Y. July 3, 2012).  The limited remand in this case does not alter this rule.[1]

A district court has the authority to modify restitution based upon a material change in the defendant's economic circumstances.  18 U.S.C. § 3664(k). !The Court will address this portion of his present claim.  Upon notification of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," a district court may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require."  As will be shown, Little's assertion does not amount to a material change in his economic circumstances.

Little claimed poor health and dire financial straits at the time of his original sentencing.  Little's pre-sentence report ("PSR") detailed his July 10, 2018 heart surgery, including the insertion of two stents to relieve a 99% blockage and there was evidence of an earlier heart attack. (PSR ¶ 72.)  With regard to his financial condition, he made the following statement quoted in the PSR:

> "I am unemployed and have been forbidden by the Court to practice law in the US or the UK. In addition, the Court has not allowed me to be employed in financial services pending sentence. I therefore have not made any income since conviction and have relied on loans from friends and the limited assistance my wife can provide me. Due to my recovery from my heart attack and emergency angioplasty procedure I would not be able to undertake full time work for the foreseeable future."

(PSR ¶ 83.)

---

[1] Indeed, many of the arguments now presented were raised in one manner or another prior to the issuance of the February 2019 Order.  At sentencing, Little objected to the government's proposed order of restitution "because it doesn't include the disclaimed amount of Henry Seggerman and it doesn't include the amount that's in limbo of the handicapped Patricia Seggerman."  (Nov. 20, 2018, Tr. 69.)  Among his many arguments were that restitution in this case ought not to be joint and several (Dec. 28, 2018 letter at 2), the government should have required the filing of an accurate amended estate tax return for Harry Seggerman's Estate (Dec. 28, 2018 letter at 1-2) and the beneficial share of Patricia Seggerman in Centura's assets remained in the Pizita Trust and could be accessed by others jointly and severely liable (Dec. 7, 2018 letter at 4).

Little argued before the Court's entry of the 2019 Order that his financial and health conditions should be taken into account:

> It is submitted the Court is aware of my financial circumstances. I have no tangible assets, the only income I receive is a UK State pension of £381 per month. I owe hundreds of thousands of dollars in personal debt, I am 68 years old and have worked only in highly regulated professions for the past 40 years. Reentry into those professions is blocked due to my conviction. I suffered two heart attacks this year and my cardiologist has described my present condition as "marginal."

(Dec. 7, 2018 letter at 6 (footnote omitted).)

The Court was well aware of these concerns when it entered its 2019 Order. However, there is no indication that Little ever submitted a financial statement to the Office of Probation to support his claims concerning his finances.  To assist the Court in determining the appropriate restitution, the statute requires a defendant to "file with the probation officer an affidavit fully describing the financial resources of the defendant, including a complete listing of all assets owned or controlled by the defendant as of the date on which the defendant was arrested, the financial needs and earning ability of the defendant and the defendant's dependents, and such other information that the court requires relating to such other factors as the court deems appropriate."  18 U.S.C. § 3664.  The PSR notes that "[t]he defendant was provided with a financial statement to complete and the information remains awaited" and "[a]s the defendant's financial information remains awaited, we are unable to fully assess his ability to address a financial sanction at this time." (PSR ¶¶ 83-84.)

In his present application claiming financial hardship, Little repeated the above-quoted paragraph from his December 7, 2018 letter to the Court in his January 22, 2021 letter.  ("As submitted in my prior opposition to the government application, I rehearse the prayer I asked the Court to consider when deciding restitution.")  When the

government, pointed out that this could not possibly be a changed circumstance because it was known prior to the entry of the 2019 Order, Little retorted that he has "had to borrow further funds from friends to survive as I am unable to live on my limited state pension," that he has been suspended from practicing law, that his heart condition limits his ability to undertake part-time work and that COVID-19 restrictions and high unemployment make finding part-time work "next to impossible." (Mar. 23, 2021 letter at 5.)

Putting aside the conclusory nature of his claims and the absence of a financial affidavit, he had told the Court prior to the 2019 Order that his suspension from the practice of law and his health condition made his employment prospects limited. Any further restraint from COVID-19 restrictions has only marginally impaired his already dim prospect of securing employment and was not a material change in his financial condition. His limited pension, his personal debt and his need to rely on loans from friends were also known prior to the 2019 Order; that he has borrowed some unspecified additional sum from friends is not a material change even when considered in combination with all other factors.

Little's letter motions (Docs 487 and 491) are DENIED and terminated. The stay of enforcement of the 2021 Order is vacated.

SO ORDERED.

Dated: New York, New York
       April 1, 2021