UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                                12-cr-647 (PKC)

      -against-

                                                                                              OPINION AND
                                                                                              ORDER

MICHAEL LITTLE,

                            Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

         Briefly, defendant Michael Little was convicted at trial of various crimes, including conspiring to defraud the United States, corruptly impeding the administration of the tax laws, filing false forms relating to foreign trusts or gifts, and failing to file tax returns. His convictions were affirmed on appeal. Post-appeal, he moved this Court for a new trial. The motion was denied, and the denial was affirmed on appeal. He has served the incarceratory portion of his sentence and now petitions this Court for the extraordinary remedy of a writ of error coram nobis. For reasons that will be explained, his petition will be denied.

PROCEEDURAL BACKGROUND

         American businessman Harry Seggerman died in 2001 and left his widow and his five adult children a substantial inheritance. A significant portion of that inheritance was held in undisclosed offshore bank accounts. In violation of various provisions of U.S. law, Michael Little worked with a Swiss attorney to help the Seggerman heirs hide the off-shore assets from the Internal Revenue Service, and attempted to help the heirs repatriate their inheritance without detection. Also, Little failed to file documents reporting his own income from 2005 to 2010.

Following a two-week jury trial at which three of the adult Seggerman children who had admitted their own guilt testified as cooperating witnesses, Little was convicted of all nineteen counts in the Superseding Indictment S2 12 Cr. 647 (PKC). He was found guilty of one count of corruptly impeding the administration of the IRS, 26 U.S.C. § 7212(a); one count of conspiracy to defraud the United States, 18 U.S.C. § 371; ten counts of willfully assisting in the filing of false Forms 3520 (Annual Return to Report Transactions with Foreign Trusts and Receipt of Certain Foreign Gifts), 26 U.S.C. § 7206(2), and seven counts relating to his own failure to file tax returns or Reports of Foreign Bank and Financial Accounts. (ECF 449.)

Little filed motions for a judgment of acquittal on all counts under Rule 29, Fed. R. Crim. P., or, in the alternative, for a new trial under Rule 33, Fed R. Crim. P. (ECF 388, 389, 432.) The Court denied these motions. (ECF 436.) Little moved for reconsideration of the Court's order denying his motions for a judgment of acquittal or a new trial. (ECF 444.) The Court denied Little's motion for reconsideration. (ECF 447.) The Court sentenced Little to principally 20 months imprisonment on Counts 1 and 8-19 and 12 months imprisonment on Counts 2-7, all to run concurrently. (ECF 449.)

Little appealed from the judgment of conviction on nineteen counts, and on September 30, 2020, the Second Circuit affirmed his conviction. See United States v. Little, 828 F. App'x 34 (2d Cir. 2020) (summary order). On April 9, 2021, Little moved for a new trial under Rule 33, Fed. R. Crim. P., based on two pieces of newly discovered evidence. (ECF 493.) First, he received notice of a decision reached between the tax authorities of the United States and the United Kingdom, rendered pursuant to article 26 of the Convention for the Avoidance of Double Taxation and the Prevent of Fiscal Evasion with Respect to Taxes on Income and on Capital Gains. (ECF 493, at 11-15.) The two tax authorities concluded that Little was a

"resident" of the United States from 2005 to 2008, and his business income in this period was taxable only in the United States. From 2008 to 2010, the tax authorities concluded that Little was a resident of the United Kingdom for all purposes. Second, Little argued new evidence showed that Yvonne Seggerman's testimony at trial was perjured. Little contended that Yvonne had testified at trial that the beneficiary of a trust known as the Pizita Trust was the Seggerman's uncharged sister, and the four charged siblings were merely trustees. (ECF 493, at 7.) Following the trial, Little stated the four charged siblings had dissolved the Pizita Trust and distributed the assets among themselves, showing that they were beneficiaries of the trust as well.

    The Court denied the motion for a new trial. (ECF 494.) Little appealed, and the Second Circuit affirmed. United States v. Little, 21-1078, 2022 WL 1739693 (2d Cir. May 31, 2022) (summary order). The Second Circuit rejected Little's argument that the agreement between the United States and United Kingdom tax authorities showed that he was innocent of some of the failure-to-file counts. It reasoned that the agreement "speak[s] to Little's tax liability, but not to his reporting obligations—which are what he was convicted of violating." Id. at *2. It also rejected Little's argument that he was entitled to a new trial based on Yvonne Seggerman's alleged perjury regarding the Pizita Trust. The Second Circuit noted that the government disputed that distribution occurred, and Little's only evidence of the distribution was a telephone conversation with a person familiar with the events. It reasoned that even if it credited Little's allegedly new evidence, the jury probably would not have acquitted in the absence of the false testimony, because there were no allegations Little exercised control of the trust. Id. Accordingly, "[w]hether the co-conspirators could later dissolve and access funds from that trust was thus irrelevant to whether Little was guilty of conspiring to conceal the co-conspirators' other assets from the United States." Id.

On October 18, 2023, Little petitions for a writ of error coram nobis seeking to vacate his conviction and sentence or, alternatively, a hearing in support of the writ. (ECF 498.)[1] In summary, he relies upon multiple errors of fact and law and the alleged subornation of perjury by the government.

DISCUSSION

A petition for writ of error coram nobis is a collateral proceeding in which a court may correct fundamental errors in a prior final judgment. United States v. Morgan, 346 U.S. 502, 508 (1954). Like habeas relief, coram nobis relief is in tension with the public's interest in finality of judgment. Unlike habeas relief, coram nobis relief "comes after the petitioner has completed [his custodial] sentence and will not be retried." United States v. Mandanici, 205 F.3d 519, 532 (2d Cir. 2000) (Kearse, J., concurring). Since the petitioner is not in custody, the harm to the petitioner is much less than in the case of a habeas petitioner, and courts are therefore more reluctant to grant relief. See United States v. Keane, 852 F.2d 199, 203 (7th Cir. 1988) ("The reason to bend the usual rules of finality is missing when liberty is not at stake.")

"A writ of error coram nobis is an extraordinary remedy." Doe v. United States, 915 F.3d 905, 909 (2d Cir. 2019) (internal quotations omitted). It "is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotations and alterations omitted). In evaluating whether "extraordinary circumstances are present," the district court presumes that the proceedings leading to the petitioner's convictions were correct, and the petitioner must show otherwise. Id.

---

[1] A second version of the petition was filed on the docket. (ECF 500.) There is no difference between the two petitions, but the petition filed at ECF 500 includes pages 2-4 of Exhibits A and B that appear to have been inadvertently omitted from Exhibits A and B filed with ECF 498. The Court has considered all arguments raised in ECF 498 and ECF 500 and all corresponding exhibits.

at 78-79.  The petitioner must demonstrate "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ."  Id. (internal quotations and citations omitted).  The Second Circuit has explained that "[c]laims of new evidence . . . without constitutional or jurisdictional error in the underlying proceeding, cannot support a coram nobis claim."  Id. at 80.

        Little's petition does not demonstrate that errors of the most fundamental character rendered his trial irregular and invalid.  Much of Little's petition focuses on the agreement that the tax authorities of the United States and the United Kingdom reached after Little's trial had ended regarding Little's "residency" between 2005 and 2010.  (ECF 498 ¶¶ 8, 10, 12-13, 25, 32-49.)  The Second Circuit has already concluded that this agreement does not establish that Little was innocent of any of the failure-to-file counts, either because he had no filing obligation, or because the complicated nature of the residency determination undermined the jury's determination that he willfully failed to file the required documents.  That is because the Second Circuit itself had already decided in Little's first direct appeal that he was required to file tax returns and disclosures of his foreign accounts from 2005-2010 regardless of the subsequent agreement between the two countries' tax authorities.  Little II, 2022 WL 1739693, at *2.  Accordingly, the agreement between the tax authorities of the United States and the United Kingdom does not establish any error that occurred in Little's trial, let alone of "the most fundamental character."  Regardless, even had the Second Circuit not already ruled explicitly that this newly discovered evidence does not affect Little's innocence, this claim of newly discovered evidence cannot support a petition for writ of coram nobis under Second Circuit precedent.  Foont, 93 F.3d at 80.

Little also seeks coram nobis relief based upon the allegedly perjured testimony of the Seggerman heirs. (ECF 498, ¶¶ 50-83.) To the extent that Little seeks to relitigate the argument regarding Yvonne Seggerman's alleged perjury that the Second Circuit already rejected on direct appeal, he is barred from doing so in a coram nobis petition. Martinez v. United States, 840 F. App'x 660, 662 (2d Cir. 2021) (summary order). His remaining allegations of "perjury" do not establish fundamental error warranting coram nobis relief. Indeed, he has failed to establish that any perjurious testimony occurred at the trial. See United States v. White, 972 F.2d 16, 20 (2d Cir. 1992) (where an allegation of perjury is a basis for collateral relief, "a threshold inquiry is whether the evidence demonstrates that the witness in fact committed perjury"). At trial, Yvonne Seggerman testified that she filed an estate tax return for her father's estate in 2001 where she knowingly omitted $14 to $15 million of offshore assets. (T. Tr. 175-76). Little alleges that this statement was perjurious because Yvonne had written a note during a meeting with her father in 2001 that her father had $10 million in offshore assets. (T. Tr. 186.) Little focuses on the discrepancy in the $10 million figure in the note and her trial testimony concerning $14-15 million. To constitute perjury, a witness must "give[] false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). Little's petition demonstrates only an inconsistency between Yvonne's testimony and an earlier note, but does not show that Yvonne willfully exaggerated the value of the amount of money she had concealed. In fact, the evidence at trial showed that the total value of the offshore accounts was approximately $15 million, consistent with Yvonne's testimony and not the $10 million referenced in the earlier note. (T. Tr. 203-04.) Likewise, Little's assertions concerning the truthfulness of an Assistant United State Attorney who was involved in pre-trial

proceedings but not the trial does not establish that any fundamental error occurred during the trial.  Little's claims of perjury, subornation of perjury and false statements are meritless, and do not constitute circumstances compelling action to achieve justice.

In his coram nobis petition, Little also requests that the Court order a hearing to review Little's restitution order.  He cites no authority establishing that a restitution order may be challenged through a writ of error coram nobis, and it appears to be an unsettled question in the Second Circuit.  See Carnesi v. United States, 933 F.Supp.2d 388, 394 (E.D.N.Y. 2013) ("[T]he issue of whether a writ of error coram nobis may be available to challenge an order of restitution still remains unsettled in this Circuit.")  Assuming Little's restitution order may challenged through a writ of error coram nobis, Little has failed to meet his burden of demonstrating that "fundamental error" occurred.  He contends that his restitution amount, based on the estate tax losses to the Internal Revenue Service, wrongly included $1.6 million that went to the Seggerman heir who was not charged in the conspiracy when calculating the value of the unreported assets.  Her inheritance was properly included in the value of the unreported assets, because the estate that Little and the other co-conspirators hid from the Internal Revenue Service included the uncharged heir's inheritance.  More so, the Second Circuit has already affirmed the "balance of the restitution order—the $4,218,140.00 for which Little is one of the jointly and severally liable coconspirators," implicitly rejecting Little's contention that the amount of his restitution wrongly included the inheritance of the uncharged heir.  Little I, 828 F. App'x at 40.

CONCLUSION

For the foregoing reasons, defendant Little's petition for writ of error coram nobis is DENIED. The Clerk of Court is respectfully directed to terminate docket entries 498 and 500.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 2, 2024